IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COSBY SIRINGI<br><br>Plaintiff,<br><br>v.<br><br>ICF TECHNOLOGY, INC.<br><br>and<br><br>ACCRETIVE TECHNOLOGY GROUP, INC.<br><br>and<br><br>DOES 1–50,<br><br>Defendants. | Case No.<br><br>**4:26cv1138** |

United States Courts
Southern District of Texas
FILED

FEB 12 2026
4000018586
Nathan Ochsner, Clerk of Court

## COMPLAINT

Plaintiff Cosby Siringi ("Plaintiff"), for his Complaint against Defendants ICF Technology, Inc., Accretive Technology Group, Inc., and Does 1–50 (collectively, "Defendants"), alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), brought to redress Defendants' transmission of unsolicited commercial text messages to Plaintiff's cellular telephone number without prior express consent.

2. The text messages advertised adult dating, webcam, hookup, or related commercial services and were sent for Defendants' commercial benefit.

3. Defendants directly initiated, authorized, ratified, or materially benefited from the unlawful text messaging campaigns at issue, or exercised control over the parties who did.

4. The identities of all entities involved in originating, routing, funding, authorizing, or monetizing the messages are uniquely within Defendants' possession, custody, or control and cannot be determined without discovery.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. The Court has personal jurisdiction over Defendants because they directed unlawful text messages into this District through intentional targeting or the foreseeable routing of SMS traffic, caused injury within this District, and purposefully availed themselves of the privileges of conducting business here.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Plaintiff received the unlawful messages here.

## III. PARTIES

Plaintiff

8. Plaintiff Cosby Siringi is a natural person and resident of Texas.

9. Plaintiff is the subscriber and regular user of the cellular telephone number to which the unlawful text messages were sent.

10. Plaintiff's cellular number has been registered on the National Do Not Call Registry for many years prior to the conduct alleged herein.

Defendants

11. Defendant ICF Technology, Inc. is a corporation engaged in digital marketing, technology, or online monetization activities and conducts business nationwide.

12. Defendant Accretive Technology Group, Inc. is a corporation affiliated with or operating in coordination with ICF Technology, Inc. in connection with the conduct alleged herein.

12A. Defendants ICF Technology, Inc. and Accretive Technology Group, Inc. publicly represent, and on information and belief own, operate, or provide live streaming and adult webcam technology and related monetization services for commercial adult chat platforms that serve users throughout the United States.

12B. The hyperlinks and landing pages reached from Plaintiff's messages resolved to commercial adult webcam or adult oriented destinations consistent with the types of services Defendants publicly describe as operating or supporting.

13. Doe Defendants 1–50 are persons or entities whose true identities are presently unknown but who participated in, authorized, controlled, funded, routed, or benefited from the unlawful text messaging campaigns.

14. Each Defendant acted directly or through agents, affiliates, intermediaries, contractors, or third parties acting within the scope of their actual or apparent authority, or whose conduct Defendants accepted and failed to repudiate.

## IV. FACTUAL ALLEGATIONS

A. The Unlawful Text Messages

15. Between approximately November 2, 2021 and December 10, 2023, Plaintiff received at least [70] unsolicited text messages on his cellular telephone promoting adult dating, webcam, hookup, or related services.

15A. The messages came from a mix of email to SMS senders, ordinary and toll free telephone numbers, and SMS short codes, including but not limited to 1410100008–1410100035, 1410200504–1410200534, and other originating addresses reflected in Plaintiff's records. Some of the messages originated from email accounts that delivered text messages to Plaintiff's cellular phone through the carrier provided email to text gateways.

16. The messages were sent using an automatic telephone dialing system and/or other automated or mass messaging technology capable of storing and dialing cellular telephone numbers in bulk without human intervention, including systems utilizing sequential or bulk dialing logic, as reflected in the sequential originating numbers and standardized message formats.

17. Many of the messages contained shortened links such as fbook.la, 18andover.la, private x.la, tvideos.la, ofans.la, ytube.la, xmeet.la, xvidos.la, and similar domains that resolved to adult video, webcam, or hookup oriented landing pages.

18. Plaintiff did not provide prior express consent to receive these messages.

19. Plaintiff had no established business relationship with Defendants or any sender associated with the messages.

19A. Several of the earliest messages were sent in group texts that included multiple unrelated recipients, consistent with bulk promotional SMS campaigns rather than individualized communications.

20. The messages were sent for commercial purposes and promoted services from which Defendants derived or expected to derive revenue.

B. Redirects, Monetization, and Control

21. The messages contained hyperlinks that redirected through intermediary domains and tracking mechanisms before reaching commercial destinations.

22. The redirection pathways are consistent with coordinated monetization and traffic acquisition infrastructure rather than isolated or one off conduct, and are not reasonably explainable without involvement of organized intermediaries.

23. Based on preserved evidence, Defendants exercised control over, authorized, or materially benefited from the traffic generated by the unlawful messages, including traffic resolving to properties they own or operate and affiliate programs through which they pay commissions.

24. Defendants knew or should have known that the messages were being sent in violation of the TCPA.

25. Defendants accepted the benefits of the messaging campaigns while failing to implement adequate compliance, oversight, or enforcement measures to prevent unlawful messaging.

C. Attribution Cannot Be Determined Without Discovery

26. The precise identity of the originating sender(s), routing intermediaries, affiliate networks, traffic brokers, and funding entities cannot be determined from the face of the messages, phone numbers, or domains alone, including those listed in Plaintiff's Message Violation Tracker.

27. Information identifying these parties is maintained by Defendants and third parties acting in coordination with them, such as carriers, SMS aggregators, domain registrars, hosting providers, and affiliate program operators associated with the landing page domains referenced above.

28. Without discovery, Plaintiff cannot identify all responsible parties before applicable statutes of limitation expire.

**VI. CLAIMS FOR RELIEF**

COUNT I

Violation of the TCPA – 47 U.S.C. § 227(b)

(Against All Defendants)

29. Plaintiff realleges and incorporates by reference all preceding paragraphs.

30. Defendants, either directly or vicariously through agents, affiliates, or third party marketers, used an automatic telephone dialing system and/or other automated or mass messaging technology, including systems utilizing sequential or bulk dialing logic, to send text messages to Plaintiff's cellular telephone without prior express consent.

31. Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

32. Plaintiff suffered concrete harm, including invasion of privacy, unsolicited intrusion into his seclusion, distraction, and time spent reviewing and deleting the messages.

COUNT II

Violation of the TCPA – 47 U.S.C. § 227(c)

(Against All Defendants)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs.

34. Defendants sent unsolicited telemarketing text messages to Plaintiff despite his number being registered on the National Do Not Call Registry.

35. Defendants failed to maintain adequate policies and procedures to prevent unlawful messaging.

36. Defendants' conduct violated 47 U.S.C. § 227(c).

## VII. WILLFUL AND KNOWING CONDUCT

37. Defendants' violations were knowing and/or willful.

38. Defendants were aware, or should have been aware, that the messages violated the TCPA.

39. Defendants continued the conduct despite notice, regulatory guidance, and industry standards.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award statutory damages of $500 per violation;

C. Award treble damages of up to $1,500 per violation for willful or knowing violations;

D. Grant injunctive relief prohibiting further unlawful messaging;

E. Award costs and reasonable attorneys' fees where permitted by law; and

F. Grant such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 11, 2026

                                                Respectfully submitted,

                                                /s/ Cosby Siringi
                                                Cosby Siringi
                                                Plaintiff, Pro Se
                                                11claims@optoutalliance.com
                                                3011 Hwy 30 W, Ste 101 #129
                                                Huntsville, TX 77340

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Cosby Siringi

**(b)** County of Residence of First Listed Plaintiff: Walker County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cosby Siringi, 3011 Hwy 30 W Ste 101 #129 Huntsville, TX 77340

### DEFENDANTS
ICF Technology, Inc.; Accretive Technology Group, Inc.

County of Residence of First Listed Defendant: Clark County, NV
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Unsolicited text messages sent using an automatic telephone dialing system in violation of the Telephone Consumer Protection Act.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Statutory damages under 47 U.S.C.

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Alfred H Bennett; Kieth P. Ellison
DOCKET NUMBER: 4:25-cv-05509; 4:26-cv-00509

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.